UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

TAMPA HYDE PARK CAFÉ
PROPERTIES, LLC,

    Debtor.

_____ /

TAMPA HYDE PARK CAFÉ
PROPERTIES, LLC,

    Appellant,

v.                                                                          Case No. 8:23-cv-1538-TPB
                                                                            Bankr. Case No. 8:23-bk-448-CED

PARTY OF FIVE
INVESTMENTS, LLC,

    Appellee.

_____ /

**ORDER GRANTING MOTION TO DISMISS APPEAL**

This matter is before the Court on Appellee Party of Five Investments, LLC's "Motion to Dismiss Appeal," filed on July 24, 2023. (Doc. 3). Appellant Tampa Hyde Park Café Properties, LLC filed a memorandum in opposition to the motion on August 14, 2023. (Doc. 4).

## Background

On March 13, 2023, Party of Five – a creditor in the underlying bankruptcy proceedings – filed a motion for relief from the automatic stay to foreclose on a property previously owned by Tampa Hyde Park Café Properties, LLC, the debtor. Prior to the filing of the bankruptcy petition, the property at issue had been transferred from Tampa Hyde Park Café to CPT Acquisitions, LLC. On May 19, 2023, the bankruptcy court granted Party of Five's motion for relief from the automatic stay but denied all relief against Tampa Hyde Park Café. Specifically, the order lifting stay indicated that the bankruptcy court granted "relief from stay to allow Party of Five Investments, LLC, to proceed with the foreclosure pending in the Thirteenth Judicial Circuit, Case Number 20-CA-007143, against CPT Acquisitions, LLC, but not with respect to the holders of any leasehold interests in the property" and explicitly denied the lifting of the stay to the extent it sought any relief against Tampa Hyde Park Café.

## Analysis

Party of Five argues this bankruptcy appeal should be dismissed for lack of standing because (1) the bankruptcy court did not grant any relief against the debtor and (2) Tampa Hyde Park Café, as the debtor, is not the proper party to bring a bankruptcy appeal – the Chapter 7 Trustee would be the proper party. Tampa Hyde Park Café argues that it has standing because it has a personal stake in the outcome of the appeal, and it may pursue this appeal as a "person aggrieved."

*Article III Standing*

Article III standing presents a jurisdictional requirement that must be satisfied and is open to review at all stages of litigation. *In re Bay Circle Properties, LLC*, 955 F.3d 874, 877 (11th Cir. 2020) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)). A court analyzing Article III standing considers three elements, the first of which is injury in fact, "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id*.

In this case, Tampa Hyde Park Café seeks to appeal the bankruptcy court's order partially lifting the automatic stay to allow the foreclosure sale against CPT Acquisitions to proceed. Tampa Hyde Park Café does not own the property at issue, and that property is not part of the bankruptcy estate. Although Tampa Hyde Park Café may have a leasehold interest in the property, the terms of the bankruptcy court's order explicitly preserve that leasehold interest – when the foreclosure sale occurs, the purchaser will take the property subject to the lease. No relief was granted against Tampa Hyde Park Café and no injury has occurred. Standing is not established by a naked assertion that it is in Tampa Hyde Park Café's "best interest" for CPT to remain as its landlord or speculation that CPT may end up filing a claim against Tampa Hyde Park Café for some reason. Consequently, Tampa Hyde Park Café does not have a concrete and particularized injury that establishes Article III standing.

*Proper Party*

The Eleventh Circuit Court of Appeal has "adopted the person aggrieved doctrine as our standard for determining whether a party can appeal a bankruptcy court's order." *Id.* at 879 (quoting *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 (11th Cir. 2014)). The person aggrieved "doctrine restricts standing *more* than Article III standing" and "limits the right to appeal a bankruptcy court order to those parties having a direct and substantial interest in the question being appealed." *Id.* (emphasis added).

If Tampa Hyde Park Café cannot establish Article III standing, it "certainly cannot clear the higher hurdle of showing that [it] is a person aggrieved." *See id.* The contested order leaves Tampa Hyde Park Café in the same position – a leaseholder of the property at issue. Even assuming that the bankruptcy court order partially lifting the stay injured Tampa Hyde Park Café at all, it did so indirectly because it affects CPT's pecuniary interest, not Tampa Hyde Park Café's pecuniary interest. *See id.* Tampa Hyde Park Café has not shown any direct financial stake in the bankruptcy order at issue in this case. Tampa Hyde Park Café has likewise failed to show any interest that is protected or regulated by the Bankruptcy Code. *See id.* at 880. As a result, Tampa Hyde Park Café does not have standing to pursue the instant appeal.

## Conclusion

This appeal is nothing more than an obvious attempt to "buy time" and further delay a valid commercial foreclosure. It likely represents a violation of Federal Rule of Civil Procedure 11. but this Court will not belabor the matter further by pursuing

sanctions.  Tampa Hyde Park Café "lacks standing, whether Article III or person-aggrieved."  *See id*. at 880.  This appeal is dismissed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Appellee Party of Five Investments, LLC's "Motion to Dismiss Appeal" (Doc. 3) is **GRANTED**.
2. This appeal is dismissed for lack of jurisdiction.
3. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of September, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**